Leonard D. DuBoff – Oregon State Bar No. 774378
(*Pro Hac Vice Application to Be Submitted*)
Edward T. Fu – Oregon State Bar No. 113899
(*Pro Hac Vice Application to Be Submitted*)
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone: (503) 968-8111
Fax: (503) 868-7228
Email: lduboff@dubofflaw.com
Email: efu@dubofflaw.com

Leo Y. Shimizu        010978
Go Law Office LLLC
1441 Kapiolani Blvd. Ste. 910
Honolulu, HI 96814
Telephone: (808) 679-2049
Facsimile: (808) 425-4717
Email: leo@golaw-hi.com

Attorneys for Plaintiffs
TRENDTEX FABRICS, LTD and
TRENDTEX HOLDING, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., a Hawaii corporation; and TRENDTEX HOLDING, LLC, a Hawaii limited liability company,<br><br>  Plaintiffs,<br><br>  v. | Case No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT - 1

| |
|---|
| BLACK PEARLS OF POLYNESIA, LLC, a Hawaii limited liability company, and STEEVE ATHLAN, an individual. <br><br>     Defendants. |

Plaintiffs TRENDTEX FABRICS, LTD and TRENDTEX HOLDING, LLC ("Plaintiffs"), by and through their undersigned counsel, hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of the defendants' unauthorized reproduction and sale of copyrighted fabric surface designs owned by Plaintiff. Accordingly, Plaintiffs seek relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction under 17 U.S.C. §§ 101 *et seq.* and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.

3. This Court has personal jurisdiction over the defendants. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant BLACK PEARLS OF POLYNESIA, LLC has its principal place of business in this District and Defendant STEEVE ATHLAN is a resident of this District.

COMPLAINT - 2

## PARTIES

4. Plaintiff TRENDTEX FABRICS, LTD ("Trendtex Fabrics") is a corporation that is incorporated in the State of Hawaii and has its principal place of business in Honolulu, Hawaii.

5. Plaintiff TRENDTEX HOLDING, LLC ("Trendtex Holding") is a limited liability company organized in the State of Hawaii and has its principal place of business in Honolulu, Hawaii.

6. Defendant BLACK PEARLS OF POLYNESIA, LLC ("BLACK PEARLS") is a limited liability company corporation that is organized in the State of Hawaii and has its principal place of business at 2324 Waiomao Road, Honolulu, Hawaii 96816.

7. Based on information and belief, STEEVE ATHLAN is a member and principal of BLACK PEARLS and a resident of the State of Hawaii.

## GENERAL ALLEGATIONS

8. Plaintiff Trendtex Holdings is the owner of the copyrights to numerous Hawaiian print surface designs. Plaintiff Trendtex Fabrics is a fabric wholesaler. Plaintiff Trendtex Holdings exclusively licenses its copyrighted surface designs to Plaintiff Trendtex Fabrics, which manufactures and wholesales fabrics displaying these copyrighted surface designs to garment manufacturers and

retail fabric sellers. These fabric purchasers are in turn granted a license to display and sell garments or printed materials made from the purchased fabrics. These displays are limited to advertising and sales purposes only and do not permit the garment manufacturers, retail fabric sellers, or consumers to copy or reproduce the printed surface designs for any other purpose.

9. Plaintiff Trendtex Fabrics also makes samples of its designs publicly available for viewing on its websites [trendtex-fabrics.com](trendtex-fabrics.com) and [hawaiibarkcloth.com](hawaiibarkcloth.com) as well as in person at its place of business. These public displays of the copyrighted surface designs are for advertising and sales purposes only; they do not give viewers permission to use the designs without Plaintiff Trendtex Fabrics' express license, authorization, or consent.

10. Plaintiff Trendtex Fabrics is the registrant of the Hawaiian print fabric surface design identified as HMA-002 and registered with the United States Copyright Office as part of copyright registration certificate VAu 1-259-470. This copyright was assigned to Plaintiff Trendtex Holding on October 5, 2022, and licensed back to Plaintiff Trendtex Fabrics.

11. Plaintiff Trendtex Fabrics is the registrant of the Hawaiian print fabric surface design identified as FW-007 and registered with the United States Copyright Office as part of copyright registration certificate VAu 1-349-149. This copyright was assigned to Plaintiff Trendtex Holding on October 5, 2022, and

COMPLAINT - 4

licensed back to Plaintiff Trendtex Fabrics.

12. Plaintiff Trendtex Fabrics is the registrant of a Hawaiian print fabric surface design identified as GH-011 that has been registered with the United States Copyright Office as part of copyright registration certificate VAu 1-391-529. This copyright was assigned to Plaintiff Trendtex Holding on October 5, 2022, and licensed back to Plaintiff Trendtex Fabrics.

13. Based on information and belief, BLACK PEARLS is engaged in the business of designing and selling clothing and jewelry under the name AROUND THE PEARL and operates both a brick-and-mortar retail store located at 1450 Ala Moana Blvd, Suite 210, Honolulu, Hawaii 98614 and a website located at www.aroundthepearl.shop.

14. Based on information and belief, BLACK PEARLS is also engaged in the business of designing and selling clothing and jewelry under the name VAIHIRIA DESIGN. This merchandise is then sold in AROUND THE PEARL's brick-and-mortar and online stores.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement – The HMA-002 Surface Design)**

15. Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 14 as if fully restated herein.

16. On or about August 4, 2022, Plaintiffs discovered a garment (the "Red Dress") was being sold by BLACK PEARLS at its retail store in Honolulu.

COMPLAINT - 5

17. Based on information and belief, BLACK PEARLS has sold the Red Dress in this District.

18. The Red Dress bears a print design that is substantially similar or identical to Plaintiffs' copyrighted HMA-002 surface design. A side-by-side comparison of Plaintiffs' HMA-002 surface design and the Red Dress is set forth in Figure 1 below:

**Figure 1**



19. Plaintiffs have neither licensed BLACK PEARLS to reproduce or sell the copyrighted HMA-002 surface design nor sold fabric to BLACK PEARLS containing the copyrighted HMA-002 surface design. Plaintiffs have also not been compensated for BLACK PEARLS' use of the copyrighted HMA-002 surface design. BLACK PEARLS' importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs'

COMPLAINT - 6

copyrighted HMA-002 surface design is therefore unauthorized.

20. On August 8, 2022, Plaintiffs' counsel sent a notice of copyright infringement to Defendants' counsel via email.

21. Based on information and belief, BLACK PEARLS had access to Plaintiffs' HMA-002 surface design, including, without limitation, through (a) Plaintiffs' website or place of business; (b) access to fabric displaying the infringed surface design at fabric stores or other retailers; (c) access to garments or accessory products in the marketplace manufactured with lawfully printed fabric displaying the HMA-002 surface design; (d) access to samples displayed by Plaintiffs' licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric displaying the HMA-002 surface design.

22. The acts by BLACK PEARLS complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, their rights under 17 U.S.C. § 106.

23. Based on information and belief, BLACK PEARLS has realized profits as a direct and proximate result of its wrongful conduct.

24. Based on information and belief, BLACK PEARLS has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

25. As a member and principal of BLACK PEARLS, Defendant

ATHLAN had the right and ability to stop or limit BLACK PEARLS' infringement but failed to exercise that right.

26. As a member and principal of BLACK PEARLS, Defendant ATHLAN enjoyed a direct financial benefit from BLACK PEARLS' direct infringement of the HMA-002 surface design.

27. Defendant ATHLAN has therefore vicariously infringed Plaintiffs' copyright of the HMA-002 surface design.

28. As a direct and proximate result of the infringement by Defendants, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

29. As a direct and proximate result of the infringement by Defendants, Plaintiffs are entitled to damages and to Defendants' profits pursuant to 17 U.S.C. § 504(b) attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

30. Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c).

31. Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

/ / /

## SECOND CLAIM FOR RELIEF
### (Copyright Infringement – The FW-007 Surface Design)

32.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 31 as if fully restated herein.

33.   On or about August 4, 2022, Plaintiffs discovered a garment (the "Pink Dress") was being sold by BLACK PEARLS at its retail store in Honolulu.

34.   Based on information and belief, BLACK PEARLS has sold the Pink Dress in this District.

35.   The Pink Dress bears a print design that is substantially similar or identical to Plaintiffs' copyrighted FW-007 surface design. A side-by-side comparison of Plaintiffs' FW-007 surface design and the Pink Dress is set forth in Figure 2 below:

**Figure 2**

| FW-007 | Pink Dress |
|---|---|
| (image of FW-007 design) | (image of Pink Dress) |

36.   Plaintiffs have neither licensed BLACK PEARLS to reproduce or sell the copyrighted FW-007 surface design nor sold fabric to BLACK PEARLS containing the copyrighted FW-007 surface design. Plaintiffs have also not been

COMPLAINT - 9

compensated for BLACK PEARLS' use of the copyrighted FW-007 surface design. BLACK PEARLS' importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted FW-007 surface design is therefore unauthorized.

37. On August 8, 2022, Plaintiffs' counsel sent a notice of copyright infringement to Defendants' counsel via email.

38. Based on information and belief, BLACK PEARLS had access to Plaintiffs' FW-007 surface design, including, without limitation, through (a) Plaintiffs' website or place of business; (b) access to fabric displaying the infringed surface design at fabric stores or other retailers; (c) access to garments or accessory products in the marketplace manufactured with lawfully printed fabric displaying the FW-007 surface design; (d) access to samples displayed by Plaintiffs' licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric displaying the FW-007 surface design.

39. The acts by BLACK PEARLS complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, their rights under 17 U.S.C. § 106.

40. Based on information and belief, BLACK PEARLS has realized profits as a direct and proximate result of its wrongful conduct.

41. Based on information and belief, BLACK PEARLS has willfully

engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

42. As a member and principal of BLACK PEARLS, Defendant ATHLAN had the right and ability to stop or limit BLACK PEARLS' infringement but failed to exercise that right.

43. As a member and principal of BLACK PEARLS, Defendant ATHLAN enjoyed a direct financial benefit from BLACK PEARLS' direct infringement of the FW-007 surface design.

44. Defendant ATHLAN has therefore vicariously infringed Plaintiffs' copyright of the FW-007 surface design.

45. As a direct and proximate result of the infringement by Defendants, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

46. As a direct and proximate result of the infringement by Defendants, Plaintiffs are entitled to damages and to Defendants' profits pursuant to 17 U.S.C. § 504(b) attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

47. Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c).

48. Plaintiffs are further entitled to recover their full costs and attorney

fees pursuant to 17 U.S.C. § 505.

## THIRD CLAIM FOR RELIEF
### (Copyright Infringement – The GH-011 Surface Design)

49. Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 48 as if fully restated herein.

50. On or about August 24, 2022, Plaintiffs discovered a garment (the "Multicolor Shirt") manufactured by VAIHIRIA DESIGN was being sold by BLACK PEARLS at its retail store in Honolulu.

51. Based on information and belief, BLACK PEARLS has sold the Multicolor Shirt in this District.

52. The Multicolor Shirt bears a print design that is substantially similar or identical to Plaintiffs' copyrighted GH-011 surface design. A side-by-side comparison of Plaintiffs' GH-011 surface design and the Multicolor Shirt is set forth in Figure 3 below:

**Figure 3**

| GH-011 | Multicolor Shirt |
|---|---|
| | |

COMPLAINT - 12

53. Plaintiffs have neither licensed BLACK PEARLS to reproduce or sell the copyrighted GH-011 surface design nor sold fabric to BLACK PEARLS containing the copyrighted GH-011 surface design. Plaintiffs have also not been compensated for BLACK PEARLS' use of the copyrighted GH-011 surface design. BLACK PEARLS' importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted GH-011 surface design is therefore unauthorized.

54. On August 25, 2022, Plaintiffs' counsel sent a notice of copyright infringement to Defendants' counsel via email.

55. Based on information and belief, BLACK PEARLS had access to Plaintiffs' GH-011 surface design, including, without limitation, through (a) Plaintiffs' website or place of business; (b) access to fabric displaying the infringed surface design at fabric stores or other retailers; (c) access to garments or accessory products in the marketplace manufactured with lawfully printed fabric displaying the GH-011 surface design; (d) access to samples displayed by Plaintiffs' licensees; and/or (e) access to garments in the marketplace manufactured with lawfully printed fabric displaying the GH-011 surface design.

56. The acts by BLACK PEARLS complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, their rights under 17 U.S.C. § 106.

57. Based on information and belief, BLACK PEARLS has realized profits as a direct and proximate result of its wrongful conduct.

58. Based on information and belief, BLACK PEARLS has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

59. As a member and principal of BLACK PEARLS, Defendant ATHLAN had the right and ability to stop or limit BLACK PEARLS' infringement but failed to exercise that right.

60. As a member and principal of BLACK PEARLS, Defendant ATHLAN enjoyed a direct financial benefit from BLACK PEARLS' direct infringement of the GH-011 surface design.

61. Defendant ATHLAN has therefore vicariously infringed Plaintiffs' copyright of the GH-011 surface design.

62. As a direct and proximate result of the infringement by Defendants, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

63. As a direct and proximate result of the infringement by Defendants, Plaintiffs are entitled to damages and to Defendants' profits pursuant to 17 U.S.C. § 504(b) attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

64. Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c).

65. Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment of up to $450,000 and other relief as follows:

A. On Plaintiffs' First Claim for Relief against Defendants:

   a. That the Defendants be adjudged to have infringed upon Plaintiffs' copyrighted HMA-002 surface design in violation of 17 U.S.C. § 501;

   b. That Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted HMA-002 surface design;

   c. That Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted HMA-002 surface design;

   d. That Plaintiffs be awarded either actual damages plus Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

   e. That Plaintiffs be awarded their costs and reasonable attorneys' fees

   pursuant to 17 U.S.C. § 505;

  f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

  g. That Plaintiffs be awarded such other and further relief as is just and proper.

B. On Plaintiffs' Second Claim for Relief against Defendants:

  a. That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted FW-007 surface design in violation of 17 U.S.C. § 501;

  b. That the Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted FW-007 surface design;

  c. That Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted FW-007 surface design;

  d. That Plaintiffs be awarded either actual damages plus Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

  e. That Plaintiffs be awarded their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

  f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

      g. That Plaintiffs be awarded such other and further relief as is just and proper.

C. On Plaintiffs' Third Claim for Relief against Defendants:

      a. That Defendants be adjudged to have infringed upon Plaintiffs' copyrighted GH-011 surface design in violation of 17 U.S.C. § 501;

      b. That Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted GH-011 surface design;

      c. That Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted GH-011 surface design;

      d. That Plaintiffs be awarded either actual damages plus Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

      e. That Plaintiffs be awarded their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

      f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

      g. That Plaintiffs be awarded such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs

COMPLAINT - 17

hereby demands a trial by jury on all issues so triable.

DATED this 7th day of November 2022.

/s/ Leo Y. Shimizu
Leo Y. Shimizu
Go Law Office LLLC
1441 Kapiolani Blvd. Ste. 910
Honolulu, HI 96814
Telephone: (808) 679-2049
Facsimile: (808) 425-4717
Email: leo@golaw-hi.com

Leonard D. DuBoff, OSB # 774378
(*Pro Hac Vice Application to Be Submitted*)
Edward T. Fu, OSB #113899
(*Pro Hac Vice Application to Be Submitted*)
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, OR 97223-8357
Email: lduboff@dubofflaw.com
Email: efu@dubofflaw.com
Telephone: (503) 968-8111

Attorneys for Plaintiffs

COMPLAINT - 18

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____