MICHAEL JAY GREEN AND ASSOCIATES, INC.
MICHAEL J. GREEN    4451
*- and -*
LAW OFFICES OF PETER C. HSIEH
PETER C. HSIEH    3204
Davies Pacific Center
841 Bishop St., Ste. 2201
Honolulu, Hawai'i 96813
Telephone:  (808) 521-3336
Facsimile:  (808) 566-0347
Email:  michael@michaeljaygreen.com
           hsiehlaw808@gmail.com

Attorneys for Defendants
BLACK PEARLS OF POLYNESIA, LLC,
and STEEVE ATHLAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., a Hawaii corporation; and TRENDTEX HOLDING, LLC, a Hawaii limited liability company,<br><br>         Plaintiffs,<br>    v.<br><br>BLACK PEARLS OF POLYNESIA, LLC, a Hawaii limited liability company, and STEEVE ATHLAN, an individual,<br><br>         Defendants. | CIV. NO. 22-00472 JAO-RT<br><br>DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION OF LEONARD D. DUBOFF TO APPEAR AS PRO HAC VICE, FILED MARCH 28, 2023 [ECF 32]; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF MICHAEL JAY GREEN; EXHIBITS "1"-"6"; CERTIFICATE OF SERVICE<br><br>NON-HEARING MOTION<br><br>Trial Date: Not Set |

DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER
GRANTING MOTION OF LEONARD D. DUBOFF TO APPEAR
AS PRO HAC VICE, FILED MARCH 28, 2023 [ECF 32]

Defendants Black Pearls of Polynesia, LLC, and Steeve Athlan (collectively "Defendants"), by and through their attorneys, Michael Jay Green and Peter C. Hsieh, respectfully move the Court for reconsideration of the Order Granting Motion Of Leonard D. DuBoff To Appear As Pro Hac Vice, filed March 28, 2023 [ECF 32] on the grounds that **(1)** DuBoff was untruthful in paragraph 4 of his Declaration of Counsel regarding his disciplinary record and **(2)** DuBoff will be a defendant and a necessary witness in Defendants' forthcoming Counterclaim and Third-Party Complaint because DuBoff allegedly engaged in and conspired with Plaintiffs to engage unfair and/or deceptive business and/or trade practices.

This motion is made pursuant to Rules 7 and 60(b)(3) of the Federal Rules of Civil Procedure and LR7.1 and LR60.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii, and is based upon the memorandum and exhibits attached hereto, the declaration of counsel, the records and files herein, and any evidence which may be presented at the hearing on this motion, all of which are incorporated herein by this reference.

DATED:  Honolulu, Hawaii, April 7, 2023.

>  */s/ Michael Jay Green*
>  MICHAEL JAY GREEN
>  PETER C. HSIEH
>  Attorneys for Defendants
>  BLACK PEARLS OF POLYNESIA, LLC,
>  and STEEVE ATHLAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., a Hawaii corporation; and TRENDTEX HOLDING, LLC, a Hawaii limited liability company,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>BLACK PEARLS OF POLYNESIA, LLC, a Hawaii limited liability company, and STEEVE ATHLAN, an individual,<br><br>　　　　　Defendants. | CIV. NO. 22-00472 JAO-RT<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.　INTRODUCTION

　　　　The Court should revoke DuBoff's pro hac vice status because (1) he lied to the Court regarding his disciplinary history and (2) he will be a party and necessary witness in a forthcoming Counterclaim and Third-Party Complaint as he engaged in and conspired with Plaintiffs to engage unfair and/or deceptive business and/or trade practices, which would disqualify him from further representing Plaintiffs. DuBoff's acts of dishonesty, fraud and deceit at the outset of this case clearly demonstrate that he will not abide by the Court's rules and practices and that he is not deserving of the privilege to practice as pro hac vice counsel in Hawaii.

II.     BACKGROUND

On November 9, 2022, DuBoff filed a Motion to Appear Pro Hac Vice for Plaintiffs [ECF 13] ("First Motion"). *See* First Motion, attached hereto as Ex. 1.

On November 9, 2022, the Court granted the First Motion [ECF 14.] *See* Order Granting First Motion, attached hereto as Ex. 2.

In paragraph 4 of his declaration to the First Motion, which he signed on November 9, 2022, DuBoff represented to the Court that "I (a) am not currently involved in disciplinary proceedings before any state bar, federal bar, or any equivalent; (b) have not in the past 10 years been suspended, disbarred, or otherwise subject to other disciplinary proceeding before any state bar, federal bar or its equivalent . . ." *Id.*

DuBoff's representations were false and misleading. In fact, DuBoff has been subject to disciplinary proceedings for the last several years. These proceedings led to the issuance of a public reprimanded by the Oregon Supreme Court. On February 16, 2023, the Oregon Supreme Court issued its decision, finding that DuBoff violated Oregon Rules of Professional Conduct 1.8(a) and ordered that DuBoff be publicly reprimanded. *See* Per Curiam Opinion of the Supreme Court of Oregon in IN RE: Complaint as to the Conduct of Leonard D. DuBoff, OSB #774378, SC S069006, filed February 16, 2023, attached hereto as Ex. 3. DuBoff failed to disclose any of this information to the Court.

On March 23, 2023, without explanation or the Court's approval, DuBoff filed a Notice of Withdrawal of Plaintiff's Motion to Appear Pro Hac Vice of Leonard D. DuBoff [ECF 29]. *See* Notice of Withdrawal, filed March 23, 2023, attached hereto as Ex. 4. The Court's approval was required because there was an Order.

That same day, DuBoff filed a second Pro Hac Vice Motion [ECF 31] ("Second Motion"). *See* Second Motion, filed March 23, 2023, attached hereto as Ex. 5.

In the paragraph 4 of his Declaration to the Second Motion, DuBoff again stated under oath that "I am not currently involved in disciplinary proceedings before any state bar, federal bar, or any equivalent [and] have not in the past 10 years been suspended, disbarred, or otherwise subject to disciplinary proceedings before any state bar, federal bar, or any equivalent." *Id.*

This time, however, he directs the Court to a "Supplemental Disclosure" annexed as Exhibit B to the Second Motion to Appear. *Id*. The "Supplemental Disclosure" states that DuBoff "[I]nadvertently omitted to state in my previous Declaration" that he was the subject of a "bar complaint" by a client "over the exchange of services for fees . . . ." Ex. 5. DuBoff goes on to state there was a hearing on the matter "last year" where two of the three arbitrators ruled against him and then the Oregon Supreme Court "rubber stamped the ruling." *Id*. DuBoff did not

2

attached a copy of the opinion of the Oregon Supreme Court to the Second Motion to Appear. Finally, DuBoff claims, "When I authorized the use of my electronic signature for my pro hac application, I inadvertently omitted (to make full disclosure I am also fully blind) to make this disclosure, focusing on the fact that I had not been disciplined in the past 10 years." *Id*. DuBoff swore to the truth of both Declarations under penalty of perjury. ECF 13 and 31. Neither Declaration was truthful, candid, and forthright.

On March 28, 2023, the Court granted DuBoff's Second Motion [ECF 32]. *See* Order Granting Second Motion, attached hereto as Ex. 6.

III.  STANDARD OF REVIEW

A motion for reconsideration of an order may be granted under Rule 60(b)(3) for fraud, misrepresentation, or misconduct by an opposing party. Rule 60(b) motions are addressed to the discretion of the trial court. *S.E.C. v. Lyndon*, Civ. No. 13-00486 SOM-KSC, 2014 U.S. Dist. LEXIS 115869, 2014 WL 4181464, at 1-2 (D. Haw. Aug. 20, 2014). "Under Local Rule 60.1, motions for reconsideration of interlocutory orders can be brought only upon the following grounds: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice. *Wereb v. Maui Cnty.*, 830 F. Supp. 2d 1026,

1031 (D. Haw. 2011). "Mere disagreement with a previous order is an insufficient basis for reconsideration." *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Id.* (internal quotation marks Omitted)." *Ronald Git Sum Au, Plaintiff, v. The Association of Apartment Owners of the Royal Iolani, et al.*, Civil No. 14-00271 SOM/BMK, 2014 U.S. Dist. LEXIS 126106, at 1 (D. Haw. September 9, 2014).

IV.  ARGUMENT

   A.  DuBoff's Pro Hac Vice Status Should Be Revoked Because He Was Untruthful Regarding his Disciplinary Record.

The Court should set aside the Order granting DuBoff's Pro Hac Vice Motion [ECF 32] and revoke DuBoff's pro hac vice status because he has engaged in fraud, misrepresentation and misconduct.

"In general, the Court has discretion whether to grant or deny an attorney pro hac vice admission. Admission pro hac vice is a privilege, not a right. This Court must therefore balance Plaintiff's interest in retaining counsel of his choice against the public's interest in the prompt, fair and ethical administration of justice." *Grant v. Kamehameha Sch./Bernice Pauahi Bishop Estate,* No. CIV.0800555DAELEK, 2009 WL 855831, at *1 (D. Haw. Mar. 30, 2009) (citations and internal quotations omitted).

4

"Where, as here, an out-of-state attorney strongly suggests through his behavior that he will neither abide by the court's rules and practices – thus impeding the 'orderly administration of justice' – nor be readily answerable to the court, the judge may, consistent with the 'compelling purpose' standard of [*United States v. D'Amore*, 56 F.3d 1202, 1204 (9th Cir. 1995)], reject his pro hac vice application." *United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir. 1996).

Attorneys practicing in Hawaii, including ones admitted *pro hac vice*, "must comply with the Hawaii Rules of Professional Conduct." *Shaughnessy v. Ass'n of Apartment Owners of Moana Pac.,* No. CIV. 09-00051 ACK-LK, 2011 WL 613580 (D. Haw. Feb. 10, 2011). "An attorney's violation of the Hawaii Rules of Professional Misconduct [sic] or criminal convictions are grounds for discipline. Rules of the Supreme Court of the State of Hawaii Rule 2.2(b). The Court may exercise its discretion to revoke an attorney's pro hac vice status pursuant to its inherent powers." *Jeon v. Island Colony Partners,* No. CV 11-00015 SOM-BMK, 2012 WL 12925396, at *2 (D. Haw. Mar. 29, 2012) (*citing Bank of Haw. v. Kunimoto,* 91 Haw. 372, 389 (1999)).

The Ninth Circuit, in *In re U.S.,* 791 F.3d 945, 956 (9th Cir. 2015), defined the "outer limit" of district courts' discretion in denying a *pro hac vice* application as based on criteria reasonably related to "promoting the orderly administration of

justice" or "some other legitimate policy of the courts." *Id.* at 957 (noting denial of a *pro hac vice* application would clearly be within a district court's discretion if an attorney's actions led the court to conclude the attorney "would not abide by the court's rules and practices or be readily answerable to the court").

When an attorney engages in misconduct, such attorney has already demonstrated that they will not abide by the court's rules and practices. "It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation . . ." Hawaii Rules of Professional Conduct Rule 8.4.

In the present case, DuBoff's misconduct demonstrates that he lacks candor and is deceptive, manipulative, and untrustworthy. He lied twice to the Court in both of his two pro hac vice motions, stating – falsely – that he was not subject to disciplinary proceedings at any time in the last 10 years, when in fact he was embroiled in disciplinary proceedings before the Oregon State Bar and the Oregon Supreme Court for the several years, which culminated the Oregon Supreme Court issuing a public reprimand against him on February 16, 2023, for violating Oregon Rule of Professional Conduct ("ORPC") 1.8(a). DuBoff filed his first pro hac vice motion approximately 6 weeks after DuBoff's disciplinary hearing. *See* Ex. 1 and 3.

Further, DuBoff omitted in from Supplemental Declaration the fact that he

6

was <u>publicly</u> reprimanded by the Oregon Supreme Court. Ex. 5. He failed to include a copy of the Oregon Supreme Court's opinion so that the Court can read the opinion in full and make an accurate and fair assessment of DuBoff's qualification to serve as pro hac vice counsel.

DuBoff claims in his Supplemental Declaration that he "inadvertently" failed to inform the court of his ongoing disciplinary issues in his home state. *Id.* DuBoff's claim is disingenuous as the disciplinary hearing had just concluded a mere six weeks before he filed the first pro hac vice motion.

DuBoff blames his failure to disclose on his blindness, stating, "When I authorized the use of my electronic signature for my pro hac application, I inadvertently omitted (to make full disclosure I am also fully blind)." *Id.* His excuse is offensive and pathetic, and is inconsistent with everything he has advertised about himself to the public. In his profile on the Oregon State Bar website, he states that he has been blind for the entirety of his entire legal career and during that time he has been a professor, has written numerous books.

See https://www.osbar.org/publications/bulletin/05jun/profiles.html.

DuBoff trivializes the public reprimand issued by the Oregon Supreme Court by calling it a "rubber stamp". Impugning the integrity of the highest court in his home state underscores the level of disdain with which he views the court's rules

7

and practices.

> B. DuBoff's Pro Hac Vice Status Should Be Revoked Because He DuBoff Will Be A Party And Necessary Witness In A Forthcoming Counterclaim And Third-Party Complaint.

DuBoff's pro hac vice status should be revoked also because he will be a defendant and a necessary witness in a forthcoming Counterclaim and Third-Party Complaint, alleging that DuBoff and Plaintiffs engaged in and conspired to engage in unfair competition under HRS § 480-2, and deceptive trade practices under HRS § 481A-3. *See* Declaration of Michael Jay Green, attached hereto.

As a co-conspirator in Plaintiff's ongoing scheme, DuBoff will be a necessary witness called to give testimony regarding contested issues that do not relate to the nature and value of the legal services he rendered in the case. Therefore, he may not act as an advocate at a trial, pursuant to Rule 3.7, Hawaii Rules of Professional Conduct. Because discovery has not begun and the Plaintiff is already represented by competent local counsel, there would not be any hardship caused to Plaintiff by revoking DuBoff's pro hac vice status.

V. <u>CONCLUSION</u>

For the foregoing reasons and authorities, Defendants respectfully request the Court to set aside the Order Granting Motion of Leonard D. DuBoff To Appear As Pro Hac Vice, filed March 28, 2023 [ECF 32], and revoke DuBoff's pro hac vice

status.

      DATED: Honolulu, Hawaii, April 7, 2023.

                                          */s/ Michael Jay Green*
                                          MICHAEL JAY GREEN
                                          PETER C. HSIEH

                                          Attorneys for Defendants
                                          BLACK PEARLS OF POLYNESIA, LLC
                                          and STEEVE ATHLAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., a Hawaii corporation; and TRENDTEX HOLDING, LLC, a Hawaii limited liability company,<br><br>     Plaintiffs,<br> vs.<br><br>BLACK PEARLS OF POLYNESIA, LLC, a Hawaii limited liability company, and STEEVE ATHLAN, an individual,<br><br>     Defendants. | CIV. NO. 22-00472 JAO-RT<br><br>DECLARATION OF MICHAEL JAY GREEN |

DECLARATION OF MICHAEL JAY GREEN

  I, MICHAEL JAY GREEN, hereby declare under penalty of law that the following is true and correct:

  1. I am an attorney licensed to practice law in all courts of the State of Hawaii and the United States District Court, District of Hawaii.

  2. I am one of the attorneys representing Black Pearls of Polynesia, LLC, and Steeve Athlan, defendants in the above-entitled civil action.

  3. I have personal knowledge of and am competent to testify to the matters contained in this Declaration.

4. I submit this declaration in support of Defendants' Motion For Reconsideration Of Order Granting Motion Of Leonard D. DuBoff To Appear As Pro Hac Vice, Filed March 28, 2023 [ECF 32].

5. On November 9, 2022, DuBoff filed a Motion to Appear Pro Hac Vice for Plaintiffs [ECF 13] ("First Motion"). *See* First Motion, attached hereto as Ex. 1.

6. Exhibit 1 is a true and correct copy of DuBoff's Motion to Appear Pro Hac Vice for Plaintiffs [ECF 13].

7. On November 9, 2022, the Court granted the First Motion [ECF 14.]

8. Exhibit 2 is a true and correct copy of the Order granting DuBoff's First Motion [ECF 14].

9. In paragraph 4 of his declaration to the First Motion, which he signed on November 9, 2022, DuBoff represented to the Court that "I (a) am not currently involved in disciplinary proceedings before any state bar, federal bar, or any equivalent; (b) have not in the past 10 years been suspended, disbarred, or otherwise subject to other disciplinary proceeding before any state bar, federal bar or its equivalent . . ." Ex. 1.

10. DuBoff's representations were false and misleading. In fact, DuBoff has been subject to disciplinary proceedings for the last several years. These proceedings led to the issuance of a public reprimanded by the Oregon Supreme Court. On February 16, 2023, the Oregon Supreme Court issued its decision, finding that DuBoff violated Oregon Rules of Professional Conduct 1.8(a) and ordered that DuBoff be publicly reprimanded. *See* Per Curiam Opinion of the Supreme Court of Oregon in IN RE: Complaint as to the Conduct of Leonard D. DuBoff, OSB #774378, SC S069006, filed February 16, 2023, attached hereto as Ex. 3. DuBoff failed to disclose any of this information to the Court.

11. Exhibit 3 is a true and correct copy of the Per Curiam Opinion of the Supreme Court of Oregon in IN RE: Complaint as to the Conduct of Leonard D. DuBoff, OSB #774378, SC S069006, filed February 16, 2023.

12. On March 23, 2023, without explanation or the Court's approval, DuBoff filed a Notice of Withdrawal of Plaintiff's Motion to Appear Pro Hac Vice of Leonard D. DuBoff [ECF 29]. The Notice of Withdrawal required the Court's approval as there was an Order.

13. Exhibit 4 is a true and correct copy of the Notice of Withdrawal, filed March 23, 2023 [ECF 29].

3

14. On the same day, DuBoff filed a second Pro Hac Vice Motion [ECF 31] ("Second Motion").

15. Exhibit 5 is a true and correct copy of the DuBoff's second Pro Hac Vice Motion, filed March 23, 2023 [ECF 31].

16. In the paragraph 4 of his Declaration to the Second Motion, DuBoff again stated under oath that "I am not currently involved in disciplinary proceedings before any state bar, federal bar, or any equivalent [and] have not in the past 10 years been suspended, disbarred, or otherwise subject to disciplinary proceedings before any state bar, federal bar, or any equivalent." *Id.*

17. This time, however, he directs the Court to a "Supplemental Disclosure" annexed as Exhibit B to the Second Motion to Appear. *Id.*

18. The "Supplemental Disclosure" states that DuBoff "[I]nadvertently omitted to state in my previous Declaration" that he was the subject of a "bar complaint" by a client "over the exchange of services for fees . . . ." *Id.*

19. DuBoff goes on to state there was a hearing on the matter "last year" where two of the three arbitrators ruled against him and then the Oregon Supreme Court "rubber stamped the ruling." *Id.*

20. DuBoff did not attached a copy of the opinion of the Oregon Supreme Court to his second pro hac vice motion.

21. Finally, DuBoff claims, "When I authorized the use of my electronic signature for my pro hac application, I inadvertently omitted (to make full

disclosure I am also fully blind) to make this disclosure, focusing on the fact that I had not been disciplined in the past 10 years." *Id.*

22. DuBoff swore to the truth of both Declarations under penalty of perjury. [ECF 13 and 31] Neither Declaration was truthful, candid, and forthright.

23. Exhibit 6 is a true and correct copy of the Order granting DuBoff's second pro hac vice motion, filed March 28, 2023 [ECF 32].

24. DuBoff will be a defendant and a necessary witness in Defendants' forthcoming Counterclaim and Third-Party Complaint because he allegedly engaged in and conspired with Plaintiffs to engage in unfair competition under HRS § 480-2 and deceptive trade practices under HRS § 481A-3 against my clients.

25. In his profile on the Oregon State Bar website, DuBoff states that he has been blind for the entirety of his entire legal career and during that time he has been a professor and has written numerous books.
*See* https://www.osbar.org/publications/bulletin/05jun/profiles.html.

I declare under penalty of law that the foregoing is true and correct.

Executed in Honolulu, Hawaii on April 7, 2023.

> */s/ Michael Jay Green*
> MICHAEL JAY GREEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., a Hawaii corporation; and TRENDTEX HOLDING, LLC, a Hawaii limited liability company,<br><br>         Plaintiffs,<br><br>   v.<br><br>BLACK PEARLS OF POLYNESIA, LLC, a Hawaii limited liability company, and STEEVE ATHLAN, an individual,<br><br>         Defendants. | CIV. NO. 22-00472 JAO-RT<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the foregoing document was duly served on the following persons electronically through the CM/ECF:

<table>
<tr><td>LEONARD D. DUBOFF, ESQ.<br>The DuBoff Law Group, PC<br>6665 SW Hampton Street, Suite 200<br>Portland, OR  97223-8357<br><b>- and -</b><br>LEO Y. SHIMIZU, ESQ.<br>Go Law Office LLLC<br>1441 Kapiolani Blvd., Suite 910<br>Honolulu, HI  96814<br><br>Attorneys for Plaintiffs<br>TRENDTEX FABRICS, LTD. and<br>TRENDTEX HOLDING, LLC</td><td>lDuBoff@DuBofflaw.com<br><br><br><br><br>leo@golaw-hi.com</td></tr>
</table>

DATED: Honolulu, Hawaii, April 7, 2023.

*/s/ Michael Jay Green*
MICHAEL JAY GREEN
PETER C. HSIEH

Attorneys for Defendants
BLACK PEARLS OF POLYNESIA, LLC
and STEEVE ATHLAN

2