ORIGINAL

Received By Drop-Box

Leonard D. DuBoff, *Pro Hac Vice*
  and
Leo Y. Shimizu          010978
Go Law Office LLLC
1441 Kapiolani Blvd. Ste. 910
Honolulu, HI 96814
Telephone: (808) 679-2049
Facsimile: (808) 425-4717
Email: leo@golaw-hi.com

Attorneys for Plaintiffs
TRENDTEX FABRICS, LTD and
TRENDTEX HOLDING, LLC

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 17 2023

at 6 o'clock and 15 min. A M
CLERK, U.S. District Court

cc: RT

LJ

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., a Hawaii corporation; and TRENDTEX HOLDING, LLC, a Hawaii limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>BLACK PEARLS OF POLYNESIA, LLC, a Hawaii limited liability company, and STEEVE ATHLAN, an individual.<br><br>Defendants. | Case No. 1:22-cv-00472<br><br>LEONARD D. DUBOFF'S RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION OF LEONARD D. DUBOFF TO APPEAR AS PRO HAC VICE |

## RESPONSE

### I. The Undersigned Has Not Committed Misconduct That Would Bar Admission

The undersigned has no dispute with the Court's discretion or policy in granting pro hac vice admissions. The issue is therefore whether the undersigned

RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION - 1

has engaged in misconduct that warrants denial of his Motion to Appear Pro Hac Vice.

Defendants allege that, in neglecting to disclose his pending disciplinary proceeding before the Oregon State Bar in his first pro hac vice application, the undersigned acted in a "deceptive, manipulative, and untrustworthy" manner that violates Hawaii Rule of Professional Conduct 8.4(c)'s prohibition against "conduct involving dishonesty, fraud, deceit or misrepresentation."

Not all misrepresentations are equal. At one extreme is fraud, while at the other extreme are representations resulting from negligence. Hawaii acknowledges this distinction, as it recognizes both fraud, which is defined as "a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment," *Seki ex rel. Louie v. Hawaii Gov't Emps. Ass'n, AFSCME Loc. No. 152, AFL-CIO*, 133 Haw. 385, 407, 328 P.3d 394 (2014), and the tort of negligent misrepresentation, where false information is supplied as the result of a failure to exercise reasonable care. *See Santiago v. Tanaka*, 137 Haw. 137, 153-54, 366 P.3d 612 (2016). While a party making a negligent misrepresentation still faces liability, he is generally considered less culpable, both ethically and morally, than a fraudster due to the lack of intent behind the misrepresentation. *See e.g. Masaki v. Gen. Motors Corp.*, 71 Haw. 1, 7, 780 P.2d 566 (1989) ("punitive damages are not awarded for mere inadvertence,

RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION - 2

mistake, or errors of judgment"). The law thus recognizes the absence of a moral or ethical lapse.

This matter involves a negligent misrepresentation where the undersigned completed the Motion to Appear Pro Hac Vice with assistance from his staff and neglected to correct an oversight. The undersigned requires staff assistance because he was blinded in a explosion that took not only his eyes, but also one arm nearly to the elbow and half of the other hand. DuBoff Decl., ¶ 3. What is left of the undersigned's remaining hand are the thumb, index finger, and middle finger, although the last is largely nonfunctional. *Id.* Although it is possible to use a Braille reader with just one index finger, it is not practical because meaningfully reading the sheer volume of text involved in the practice of law requires the use of two hands. This option is foreclosed to the undersigned for obvious reasons. *Id.* at ¶ 4.

The undersigned is able to use text-to-speech readers to an extent. However, the service that he currently uses requires documents first be converted into a specific readable format. *Id.* at ¶ 5. However, this is a time-consuming process that is generally reserved for longer documents and is not well-suited to fillable PDF forms. *Id.* at ¶¶ 5-7. The undersigned also previously used two text-to-speech services that could read emails to him. However, both services have since been discontinued and no suitable replacements have been found, so the

RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION - 3

undersigned now needs someone to read his emails and shorter documents to him. *Id.* at ¶ 6. The undersigned also drafts writings through either dictation or the help of co-authors, which is how he prepares longer court filings and also authors his numerous books. *Id.* at ¶ 7. To fill out forms such as the Motion to Appear Pro Hac Vice, however, he must have someone read the form to him, either blank or after it has been pre-filled by another person. *Id.* This, however, presents certain logistical challenges, and oversights can occasionally occur. *Id.*

The disciplinary hearing referenced by Defendants was an oral argument before the Oregon Supreme Court on September 22, 2022. *Id.* at ¶ 9. Because the undersigned was represented by an attorney, his presence was not required and he elected not to attend so he could avoid taking time away from his law practice. *Id.* The undersigned was also not personally involved in preparations for the oral argument and believed the dissent in the trial panel's opinion would be persuasive to the Oregon Supreme Court [1]. *Id.* at ¶ 10. Therefore, when having the Motion to Appear Pro Hac Vice read to him, he inadvertently overlooked Part (a) of Paragraph 4 regarding current disciplinary proceedings and instead focused on Part (b) regarding actual discipline in the past ten years, which was true at the time. *Id.* at 11. The undersigned apologizes to the Court for the oversight.

---

[1] The dissent emphasized the claimants' lack of credibility, and the undersigned believed this would carry some weight when the Oregon Supreme Court conducted a *de novo* review.

RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION - 4

Although Rule 8.4 prohibits attorneys from engaging in any conduct involving misrepresentation, there is room for remediation in the case of an inadvertent or unknowing misrepresentation, i.e. a negligent misrepresentation. For example, Rule 3.3(a)(4) allows an attorney to undertake remedial measures to rectify the consequences if he learns that false information has been submitted to a tribunal. The undersigned acted here to rectify the consequences upon learning of his inadvertently failure to disclose by notifying the Court through local counsel and, after consultation with chambers regarding procedure, withdrawing his prior motion and re-applying with additional disclosure to the court.

Defendants quibble over the undersigned's description of the sanction as a "reprimand" rather than a "public reprimand." All attorney discipline administered by the Oregon State Bar is published, so all reprimands are public. *Id.* at ¶ 13. There are no private reprimands, and a "public reprimand" is simply a redundant statement.

Defendants' characterization of the second pro hac vice application as containing a false certification under oath is likewise misleading, as that is where the undersigned added a reference to the Supplemental Disclosure for clarification. Because the Supplemental Disclosure addressed the content of Paragraph 4, that was the most appropriate place to insert the reference to the Supplemental Disclosure.

RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION - 5

The undersigned's omission was ultimately a simple case of neglect that can be excused by the Court. Indeed, both the federal and Hawaii rules of civil procedure make allowances for excusable neglect in various contexts. *See e.g.* Fed. R. Civ. P. 6 & 60; Haw. R. Civ. P. 6, 13 & 60. It was a mistake of inadvertence and by no means reflects on the undersigned's fitness to practice law or otherwise indicates an unwillingness to follow court rules, particularly given that the omitted disciplinary proceeding was the only one that the undersigned has faced in over fifty years of practice. DuBoff Decl. at ¶ 9. The Court should therefore deny Defendants' Motion for Reconsideration.

What is offensive here, however, is Defendant's counsel's ableist conceit that he is fit to comment on how to practice law while blind. Defendants' counsel has no idea what sorts of challenges the undersigned must overcome, yet he feels qualified to not only opine on what is plausible and reasonable, but also on what is "offensive and pathetic." Those statements are grossly inappropriate and unprofessional.

## II. The Undersigned Should Not Be Disqualified for Serving As A Witness.

Defendants' request to disqualify the undersigned based on his potential involvement as a party and witness is farcical. Firstly, the third-party complaint is yet to be filed as of this response date, so Rule 3.7's general prohibition against an attorney serving as both advocate and witness has not been triggered. The conflict

RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION - 6

of the undersigned's dual roles is therefore purely hypothetical and not yet ripe. If Defendants ultimately decide against filing the third-party complaint, the conflict will never materialize at all and this entire exercise will have been for naught. Worse, if the Court has already preemptively disqualified the undersigned, then the undersigned will need to re-apply to appear pro hac vice yet again. The Court therefore should not enforce Rule 3.7 *ex ante*.

Even if Defendants do file the purported third-party complaint, it would ultimately be barred by the undersigned's litigation privilege. The Hawaii Supreme Court has previously held that this privilege immunizes attorneys from claims for intentional interference with contractual relations and intentional interference with prospective economic advantage that arose in connection with their representation of clients in litigation. *Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel*, 113 Haw. 251, 272, 151 P.3d 732 (2007). The litigation privilege has also been applied to attorneys in defamation cases, where defamatory statements are privileged when made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." *McCarthy v. Yempuku*, 5 Haw. App. 45, 48, 678 P.2d 11 (1984)(citing the Restatement (Second) of Torts § 586). There is no reason for Defendants' threatened third-party claims of unfair competition and deceptive

RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION - 7

trade practices to be treated any differently from these other intentional business torts. This same privilege, as well as the traditional attorney-client privilege, would also prevent the undersigned from testifying regarding the purported counterclaims against Plaintiffs.

Even if the third-party claims did somehow survive, that would still not be grounds for automatic disqualification. Instead, Rule 3.7(a)(3) allows an attorney to continue to serve as both advocate and witness if disqualification "would work substantial hardship on the client." Comment 4 to Rule 3.7 elaborates on this by expressly stating that the interests of the client, the tribunal, and the opposing party must all be balanced. Among the considerations are whether the tribunal is likely to be misled, the likelihood of prejudice to the opposing party, the importance and tenor of the likely testimony, and the likelihood such testimony is likely to conflict with that of other witnesses. Rule 3.7, Comment 4. In this instance, none of the enumerated considerations are likely to occur. Plaintiffs' case is a straightforward claim for copyright infringement. The issues would be entirely discrete from Defendants' hypothetical counter- and third-party claims for unfair competition and deceptive trade practices. In short, each party's case is based on conduct occurring in the opposing parties' camp; the legal and factual issues are wholly distinct from each other so that there is minimal likelihood of

RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION - 8

them overlapping, misleading Court, or causing any other sort of conflict or confusion.

Defendants have also not articulated any prejudice they would suffer from the undersigned's continued representation of Plaintiffs. However, even if any prejudice were likely, Comment 4 states that "due regard must be given to the effect of disqualification on the lawyer's client." In this instance, Plaintiffs and the undersigned have a longstanding working relationship such that the undersigned has an intimate understanding of this case, Plaintiffs, and their business that would be impossible to replace within the lifespan of this case. DuBoff Decl., ¶ 3. The undersigned also has considerably more experience with intellectual property law, and with copyrights in particular, than local counsel does. *Id.* at ¶ 2. To disqualify Plaintiff's counsel would thus create undue hardship for Plaintiffs.

Despite the minimal risk of prejudice to Defendants or the Court from the undersigned's continued representation of Plaintiffs, the Court could also find a middle ground by bifurcating the case. The undersigned could continue to serve as an advocate during the infringement phase of the proceedings where his experience and expertise are most needed. He would then withdraw from the counter- and third-party claim phase. This would both avoid any prejudice to Plaintiffs while also mollifying Defendant's ostensible concerns about preserving the barrier between advocate and witness.

RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION - 9

Defendants' motive is transparent. Similar to how unscrupulous parties conflict out attorneys by holding as many sham consultations as possible, Defendants are attempting to deny Plaintiffs their choice of counsel. By alleging conspiracy between a party and its attorney in third-party claims that are not likely to survive a motion to dismiss, Defendants seek to drive a wedge between attorney and client by forcing the attorney into the dual role of witness-advocate and also vainly attempting to create a conflict of interest for the attorney. At the same time, this potentially enables Defendants to obtain privileged communications by supposedly rendering them discoverable evidence of a conspiracy. This is an old trick: if you don't want to face your adversary in the arena, then try to keep them on the sidelines.

## III. Conclusion

For the reasons set forth above, the Court should deny Defendants' Motion for Reconsideration.

Respectfully submitted this 14th day of April 2023.

Leonard D. DuBoff, *Pro Hac Vice*
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, OR 97223-8357
Email: lduboff@dubofflaw.com
Telephone: (503) 968-8111

RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION - 10