MICHAEL JAY GREEN AND ASSOCIATES, INC.
MICHAEL J. GREEN    4451
- *and* -
LAW OFFICES OF PETER C. HSIEH
PETER C. HSIEH    3204
Davies Pacific Center
841 Bishop St., Ste. 2201
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347
Email: michael@michaeljaygreen.com
       hsiehlaw808@gmail.com

Attorneys for Defendants
BLACK PEARLS OF POLYNESIA, LLC,
and STEEVE ATHLAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., a Hawaii corporation; and TRENDTEX HOLDING, LLC, a Hawaii limited liability company,<br><br>    Plaintiffs,<br> v.<br><br>BLACK PEARLS OF POLYNESIA, LLC, a Hawaii limited liability company, and STEEVE ATHLAN, an individual,<br><br>    Defendants. | CIV. NO. 22-00472 JAO-RT<br><br>DEFENDANTS' REPLY MEMORANDUM TO LEONARD D. DUBOFF'S RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION OF LEONARD D. DUBOFF TO APPEAR AS PRO HAC VICE, FILED APRIL 14, 2023; CERTIFICATE OF SERVICE<br><br>NON-HEARING MOTION<br><br>Trial Date: Not Set |

DEFENDANTS' REPLY MEMORANDUM TO LEONARD D. DUBOFF'S
RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION
OF ORDER GRANTING MOTION OF LEONARD D. DUBOFF
TO APPEAR AS PRO HAC VICE, FILED APRIL 14, 2023

I.   ARGUMENT

DuBoff's Response to Defendants' Motion for Reconsideration can be summed up in one word – "Unbelieveable!"

1.   DuBoff is disingenuous, pretending to know less about his misconduct than he really does. He is quick to blame others, shamelessly pointing the finger at his staff for neglecting to correct the misrepresentations. Yet, he is slow to accept responsibility, making one excuse after another for four long pages before making a half-hearted apology to the Court, not for lying but for what he calls "oversight." Such apology is insincere and inauthentic, unbecoming of an officer of the court, and is worse than no apology at all.

2.   DuBoff's proclivity to blame others is nothing short of astounding, worrisome, and manipulative. Worse, he blames his misconduct on his blindness and physical disabilities (loss of one arm up to the elbow and half of the other hand). DuBoff's claim is not credible as he has been a trial lawyer for five decades despite his disabilities. In his profile on the Oregon State Bar website, he states that he has been blind for the entirety of his entire legal career and during that time he has been a professor, has written numerous books.

2

See https://www.osbar.org/publications/bulletin/05jun/profiles.html.

Further, DuBoff's excuse is nothing but an underhanded ploy to play on the Court's sympathies. It is not inconceivable that he has probably played the disability card in the past to excuse any misconduct he may have allegedly engaged in prior cases in the last 50 years before the two state courts and seven federal courts he claims he has been admitted to practice between 1972 and 1995. *See* paragraph 2 of Declaration of Counsel [ECF 13 and 31].

3. DuBoff's attempt to trivialize his failure to inform the Court that he was publicly reprimanded by the Oregon Supreme Court by accusing Defendants of "quibbling" over the wording of "public reprimand" is another example of his tendency to downplay things, much as he did with the Oregon Supreme Court's opinion by claiming that "the Oregon Supreme Court rubber stamped the ruling." *See* Ex. 5 to Defendant's Motion for Reconsideration (Fifth line from the bottom of DuBoff's Supplemental Disclosure to Question 4 of the Declaration of Counsel, marked as Exhibit B.).

4. DuBoff argues that his second pro hac vice motion was not a false certification under oath because he "added a reference to the Supplemental Declaration for clarification." DuBoff's Response at p. 5, ¶ 3. DuBoff is dead wrong.

    a. Duboff lied twice in paragraph 4 of his Declaration of Counsel in both of his pro hac vice motions. Clearly, DuBoff had been under investigation by the Oregon Disciplinary Counsel's Office well before he filed his first pro hac vice on November 9, 2022 [ECF 13]. Hence, his first lie was when he swore under oath in paragraph 4(a) that "I am not currently involved in any disciplinary proceedings . . . ." [ECF 13] Ex. 1. To make it truthful, he should have crossed out the word "not" so that it would read "I (a) am ~~not~~ currently involved in disciplinary proceedings . . . ." His second lie was when he swore under oath in paragraph 4(b) that "I have not in the past 10 years been suspended, disbarred, or otherwise subject to other disciplinary proceeding . . . ." Here, again, for this statement to be true, he should have crossed out the word "not" so that it would read "I (b) have ~~not~~ in the past 10 years been suspended, disbarred, or otherwise subject to other disciplinary proceeding . . . ."

    b. DuBoff's reference "Please see Supplemental Disclosure attached hereto as Exhibit B." does not save him. *First*, he made reference in very fine print, smaller than the print in paragraph 4, making it difficult to read. *Second*, his reference is placed close to bottom of paragraph 4, which, to the casual eye, looks like part of the main text, making it very easy to miss. *Third*, DuBoff claims "that was the most appropriate place to place to insert the reference to the Supplemental

Disclosure." DuBoff's Response at p. 5, ¶ 3. That is not the point. The point is DuBoff should have been completely transparent and typed in the following statement, in the ample space provided at the bottom of paragraph 4:

> On February 16, 2023, the Oregon Supreme Court publicly reprimanded me for violating Oregon Rules of Professional Conduct 1.8(a). See a copy of the Court's opinion, attached hereto as Exhibit B.

    c.    DuBoff claims he is a seasoned trial lawyer. Thus, he should know how to write a simple, straightforward statement. Instead, he chose to play games, and concealed and obfuscated, making it difficult for the Court to grasp the truth. Because the Court had already granted DuBoff's first pro hac vice motion, the Court – without the benefit of full disclosure by DuBoff – had no reason to scrutinize the second pro hac vice motion and probably granted it pro forma.

    d.    DuBoff concealed and misled the Court when he inexplicably filed a Notice of Withdrawal of Plaintiffs' Motion to Appear [ECF 29]. He provided no explanation. Because the Court had already granted DuBoff's first pro hac vice motion. [ECF 14], DuBoff was required to seek leave of court to set aside that Order, as a party may not unilaterally rescind or undo an outstanding court order without the leave of court. This is another example of DuBoff's arrogant disregard for the court's rules and procedures.

    e. DuBoff has an affirmative duty of disclosure, pursuant to LR83.1(d), which provides, in pertinent part:

> **Notice of Change of Status.** An attorney who . . . has permission to practice in this court, shall notify the court of any information that might render him or her ineligible to practice in this court, including without limitation the following: (1) Discipline by a court or bar in any jurisdiction.
>
> The notice shall be filed within fourteen (14) days of the change. Failure to comply with this rule may result in the imposition of sanctions.

DuBoff disregarded his duty. The Oregon Supreme Court opinion publicly reprimanding DuBoff was decided February 16, 2023. Defendants' Ex. 3. DuBoff did not notify the court of the reprimand within 14 days. He said nothing. All he did was file a notice of withdrawal of his first pro hac vice motion and a second pro hac vice motion 35 days later on March 23, 2023 [ECF 29 and 31]. DuBoff was playing fast and loose, ignoring the court rules and procedures, slipping in the second pro hac vice motion, without drawing unwanted attention to the public reprimand.

The facts and surrounding circumstances of this case shows that DuBoff affirmatively lied to the Court in both pro hac vice motions about his disciplinary history. He concealed the public reprimand by not disclosing it plainly in a timely manner. The facts further show that DuBoff is the type of attorney who is quick to

blame and slow to accept responsibility. His behavior in this case is resoundingly dishonest and deceitful. Such behavior falls well below the standard of conduct expected of an officer of the Court. DuBoff has repeatedly shown that he will neither abide by the court's rules and practices nor be readily answerable to the Court. In short, DuBoff is not fit to practice law in Hawaii.

Parenthetically, in denying a pro hac vice application, the judge must articulate his reason for the benefit of the defendant and the reviewing court. *Bundy v. United States District Court (In re Bundy)*, 840 F.3d 1034, 1042 (9th Cir. 2016).

II. CONCLUSION

For the foregoing reasons and authorities, the Court should grant Defendants' Motion for Reconsideration of Order Granting Motion of Leonard D. DuBoff to Appear as Pro Hac Vice, and revoke DuBoff's pro hac vice status.

DATED: Honolulu, Hawaii, April 17, 2023.

/s/ Michael Jay Green
MICHAEL JAY GREEN
PETER C. HSIEH

Attorney for Defendants
BLACK PEARLS OF POLYNESIA, LLC
and STEEVE ATHLAN