MICHAEL JAY GREEN AND ASSOCIATES, INC.
MICHAEL J. GREEN     4451
*- and -*
LAW OFFICES OF PETER C. HSIEH
PETER C. HSIEH     3204
Davies Pacific Center
841 Bishop St., Ste. 2201
Honolulu, Hawai'i 96813
Telephone:  (808) 521-3336
Facsimile:  (808) 566-0347
Email:  michael@michaeljaygreen.com
        hsiehlaw808@gmail.com

Attorneys for Defendants
BLACK PEARLS OF POLYNESIA, LLC,
and STEEVE ATHLAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., a Hawaii corporation; and TRENDTEX HOLDING, LLC, a Hawaii limited liability company,<br><br>            Plaintiffs,<br>     vs.<br><br>BLACK PEARLS OF POLYNESIA, LLC, a Hawaii limited liability company, and STEEVE ATHLAN, an individual,<br><br>            Defendants. | CIV. NO. 22-00472 JAO-RT<br><br>DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, FILED JUNE 20, 2023 [ECF 50]<br><br><br><br>Trial Judge: Jill A. Otake<br><br>Trial Date: September 16, 2024 |

DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT, FILED JUNE 20, 2023 [ECF 50]

Defendants Black Pearls of Polynesia, LLC, and Steeve Athlan (collectively "Defendants"), by and through their attorneys, Michael Jay Green and Peter C. Hsieh, hereby submit their memorandum in opposition to Defendants' Memorandum In Opposition To Plaintiffs' Motion For Leave To File Second Amended Complaint, filed June 20, 2023 [ECF 50] ("Motion").

I.     LEGAL STANDARD

Granting or denying leave to amend a complaint is subject to the trial court's sound discretion. . *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). "The standard for granting leave to amend is generous." United States ex rel. Lee v. *Corinthian Colleges.*, 655 F.3d 984, 995 (9th Cir. 2011). "The nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

II.    ARGUMENT

Plaintiffs' Motion seeks to add a fifth claim for relief. The SAC alleges that on March 13, 2023, Plaintiffs discovered a merchandise named the Long Sleeve Polynesians Dress, which allege was manufactured by Vaihiria Design and sold by Black Pearls. SAC ¶ 87. The SAC further alleges that the Long Sleeve Polynesians

2

Dress bears a print design that it substantially similar or identical to Plaintiff's copyrights DL-015 surface design. The SAC allegedly provides a side-by-side comparison, which they allege is "set forth in Figure 45." However, Figure 45 does not appear in the SAC. A Figure 5 is provided. "Figure 45" may be a typographical error, and Plaintiffs' reference to Figure 45 meant to refer to Figure 5.

Leave to amend a complaint may be denied for (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the moving party has previously amended the complaint. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). Further, a court need not grant leave to amend where the amendment (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile or legally insufficient. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Unlike undue delay, futility alone can be grounds to deny leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Plaintiffs should not be given leave to amend.

First, they had previously amended the complaint. Their original complaint was filed on November 7, 2022 [ECF 1]. They then filed a First Amended Complaint on January 25, 2023 [ECF 16]. Plaintiffs claim that they discovered the Long Sleeve

Polynesian Dress on March 13, 2023, but they fail to explain why they could not have discovered it earlier, before they filed the original complaint or the First Amended Complaint.

Second, the proposed amendment is futile. A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Rule 15 does not permit amendment where amendment would be futile. *Pullano v. NaphCare*, 2014 WL 4704587, at *5 (D. Nev. Sept. 23, 2014). Denial of leave to amend on this ground is rare. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.*

Here, however, deferring consideration is unjustified because DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, FILED JUNE 20, 2023 [DKT. 50]the proposed amendment is manifestly futile, for even a casual side-by-side comparison between DL-015 and the Long Sleeve Dress shows that the two prints are not substantially similar or identical, that the patterns, colors, placement, and images used in the two prints are dramatically different. and that no set of facts can be proved that

4

would constitute a valid and sufficient claim of copyright infringement.

Although there is no exact formula, there are standards the court uses to determine existence of substantial similarity. Here, the alleged new work does not meet the standards. There is little to no similarity in the patterns and color used between the two works. The actual creative composition is not similar. The idea behind the work cannot be copyrighted, nor the ingredients (i.e., makeup of the composition), only the expression of such ideas. *Metcalf v. Bochco*, 294 F.3d 1069, 1974 (9th Cir. 2002)

III.   CONCLUSION

Based on the foregoing authorities and reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion For Leave To File Second Amended Complaint, filed June 20, 2023 [ECF 50].

DATED:  Honolulu, Hawaii, July 6, 2023.

/s/ Peter C. Hsieh
MICHAEL JAY GREEN
PETER C. HSIEH

Attorneys for Defendants
BLACK PEARLS OF POLYNESIA, LLC,
and STEEVE ATHLAN

6